**Ronald BOWMAN, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 73–2921.

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1973.

Anthony J. P. Farris, U. S. Atty., Houston, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge*, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Ronald Bowman has applied to this Court for leave to appeal *in forma pauperis* [1] from the district court's denial of his motion to vacate judgment and sentence, 28 U.S.C. § 2255. We grant the motion and summarily remand the cause.[2]

Bowman, acting as his own attorney, was convicted by the district court, sitting without a jury, of four counts charging violations of 21 U.S.C. §§ 176a and 174. On June 9, 1969, he was sentenced to serve four concurrent ten-year sentences. In his § 2255 motion filed below, the denial of which he now seeks to appeal, he challenged the validity of the convictions on grounds that: (1) the presumption that the marihuana was illegally imported, as proscribed by Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, was used against him; (2) the evidence was insufficient to convict him; (3) evidence obtained pursuant to an illegal arrest and search was admitted against him; (4) his waiver of counsel was not understandingly made; and (5) he was denied his right to take a direct appeal *in forma pauperis*. The district court summarily denied the motion, finding no merit to any of the claims made.

Pretermitting decision on any of the other contentions, we believe the district court erred in its finding that Bowman was not denied his appellate rights.

The record before this Court shows that at the time he was sentenced, the

---

* Chief Judge Brown did not participate in this decision.

1. 28 U.S.C. § 1915.

2. It is appropriate to dispose of this case summarily. See Groendyke Transportation, Inc. v. Davis, 5th Cir. 1969, 406 F.2d 1158.

trial court was aware that Bowman was indigent, having previously appointed counsel to represent him.[3] The record further reveals that after sentence was imposed, the court technically complied with Rule 32(a)(2), F.R.Cr.P., which requires the Court to advise a defendant of his right to appeal as a pauper. The transcript of the sentencing discloses the following exchange between Bowman and the court:

"THE COURT:

\* \* \* \* \* \*

Now, it is my duty to tell you that you are entitled to take an appeal from this conviction if you desire to do so. If you are an indigent person you may make application to the Court for leave to appeal in forma pauperis. And if you desire that the Clerk do so, she will enter your notice of appeal at this time. And you also may request of the Court of Appeals for the Fifth Circuit at New Orleans appointment of counsel to help you with the appeal. And if you desire to appeal, I recommended to you that you take that action, just as I recommended to you that you be represented by counsel here, despite the fact that you did not take that advice.

That is all for now.

THE DEFENDANT:

Sir, could I have an appeal bond set, Sir?

THE COURT:

Yes, I will fix an appeal bond at $25,000."

While Bowman never specifically stated to the court that he intended to appeal the conviction, and the court did not specifically inquire as to his wishes in this regard, it is clear from his request for an appeal bond that he did in fact desire to appeal, and the court should have directed its Clerk to file a notice of appeal on his behalf.

The record before this Court also shows that for some time after his sentencing Bowman was under the impression that he did have a direct appeal pending. Within two weeks after being sentenced, he wrote the district judge requesting that his bond be lowered and inquiring as to the procedure for obtaining his trial transcript for appellate purposes. He was advised by letter of June 25, 1969 that his bond would not be reduced, and that the court reporter was the proper party to contact with respect to his transcript. Bowman apparently believed that his appeal was still pending as late as January, 1970, when he wrote to this Court seeking appointment of counsel to represent him on the appeal. It was at that time he learned that notice of appeal had never been filed, and thus he had no appeal pending. Shortly thereafter Bowman began his efforts to remedy the situation by filing various petitions in the district court, among them, a § 2255 motion filed in 1970, a motion for leave to file a notice of appeal out of time, filed in 1971, and finally, the § 2255 motion *sub judice*.

In view of the circumstances above described, we are compelled to conclude that Bowman was denied his right to take a direct appeal from his conviction, which was a result of no negligence on his part, but arose because of his lack of the wherewithall to perfect it on his own. We therefore remand the cause to the district court with directions that its Clerk file notice of appeal *in forma pauperis* on Bowman's behalf *nunc pro tunc* as of June 9, 1969, and directions that the court appoint counsel to represent Bowman on the appeal if he so desires.

Remanded.

---

3. Counsel was apparently relieved of his appointment pursuant to Bowman's request.